# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

DEBBIE GAUGH and ZAN KIRBY,
individually and on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.                                                 Case No. 2:21-cv-02419-MSN-atc

POSTAL FLEET SERVICES, INC.,
THE STAGELINE COMPANY,
VILANO EMPLOYMENT SERVICES, INC.,
LESLIE DON DORRIS, individually, BRENDA
DORRIS, individually, and
CRAIG R. GREGORY, individually,

    Defendants.

## ORDER TRANSFERRING CASE TO MIDDLE DISTRICT OF FLORIDA

Before the Court is the parties' Stipulation to Transfer Venue and Temporarily Stay Response Deadline. (ECF No. 16.) The parties jointly request that the Court transfer this matter to the United States District Court for the Middle District of Florida. (*Id.* at PageID 76.) They also jointly request that the Court stay Defendants' deadline to file a response to Plaintiffs' Complaint. (*Id.*) For the reasons below, the Court finds the parties' request well taken and hereby **TRANSFERS** this matter to the United States District Court for the Middle District of Florida.

Pursuant to 28 U.S.C. §1404(a), the Court "[f]or the convenience of parties and witnesses, in the interest of justice… may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Court has the discretion to decide whether transfer is appropriate under § 1404(a). *See Sacklow v. Saks Incorp.*, 377 F. Supp. 3d 870, 877 (M.D. Tenn. 2019). The Court looks to several factors in

making this decision such as the interest of the parties, public-interest concerns, and other case specific factors. *See id.*

Here, the parties' requested venue— the United States District Court for the Middle District of Florida— is a venue where this action "might have been brought" and where the parties have consented to have this matter transferred. 28 U.S.C. § 1404(a); (*see also* ECF No. 16 at PageID 76.) Further, after balancing the relevant factors, the Court finds that they weigh in favor of transfer. The Parties have jointly requested this transfer. The transfer of this matter would further judicial economy. Moreover, relevant discovery is likely to be located in the requested venue. Therefore, the Court **GRANTS** the parties' request to have this matter transferred pursuant to its authority under 28 U.S.C. 1404(a). In light of this transfer, Defendants' deadline to file a response to Plaintiffs' complaint is hereby **STAYED** to be reset by the transferee court.

**IT IS SO ORDERED**, this the 26th day of August, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE